### COCHRAN vs. SMITH & AL.

Proceedings carried on in attachment without citation according to laws are null & void.

APPEAL from the court of the parish and city of *New Orleans.*

MARTIN, J. delivered the opinion of the court. The plaintiff states that he is master of the steam boat Leopard, one half of which is owned by the defendant Smith, and the other half by the three other defendants, who reside in the state of Louisiana,—that the defendant Smith, who was on board and had the con-

East'n District.
June, 1824.

COCHRAN
vs.
SMITH & AL.

troul of her, employed the plaintiff as master, promising to pay him $50 per month, for his half and as much for the half of the other defendants—that the plaintiff advanced to the said Smith, a large sum, viz. $1330 for the use of said boat, in paying for her repairs, wages of the hands, provisions, &c. claims which were privileged—that afterwards he made other advances, now amounting, with his wages and the increase which was promised him, to $2466.

The petition concludes with a prayer for an order of seizure and sale, the citation of the defendants and general relief.

The citation was served on the defendant Smith, only.

On his petition, stating the absence of the other defendants, and the state of the boat, a sale was directed, and the proceeds were brought into court.

Smith neglecting to plead, judgment was taken by default against him.

An attorney was appointed to the other defendants, who pleaded the general issue.

Several individuals intervened, and urged claims for groceries, hardware, &c. furnished to the boat.

554.

East'n District.
*June*, 1824.

COCHRAN
*vs.*
SMITH & AL.

The judgment directs the proceeds to be paid to the plantiff, and the intervening claimants. The absent defendants appealed from the part of the judgment which concerns the plaintiff.

The plaintiff and appellee alleges error to his disadvantage, in as much as the parish court did not give judgment personally against the defendants.

We are of opinion, as the defendant Smith did not appeal, nor the plaintiff; the former is not in court, and we cannot examine the judgment, as far as concerns him.

As far as regards the other defendants, all the proceedings are irregular and void;—they were not cited—none of their property has been brought into court by process of attachment, in which case, notice must have been given them, as the law directs by advertisements. We cannot consider the proceedings as *in rem* against the boat for then, after seizure, public notice would have been given to all claimants.

The attorney given them by the court, was prematurely appointed—for the defendants not having been in any manner cited or notified, were not afforded the opportunity of coming in personally or by attorney.

It is therefore ordered, adjudged and decreed, that as far as concerns the relative rights of the absent defendants and the plaintiff, the judgment of the parish court be annulled, avoided and reversed, and the suit dismissed and the plaintiff pay costs in both courts.

*Pierce* for the plaintiff, *McCaleb* for the defendants.